# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLOR, POND, and STEELE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Chief Warrant Officer Two BRENTON R. HUDGENS**
**United States Army, Appellant**

ARMY 20240257

Headquarters, Fort Campbell
John R. Maloney, William Ramsey, and Frederic P. Gallun, Military Judges
Colonel Jason A. Coats, Staff Judge Advocate

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Captain Jessica A. Adler, JA (on brief); Colonel Frank E. Kostik, Jr., JA; Lieutenant Colonel Kyle C. Sprague, JA; Major Kelsey Mowatt-Larssen, JA; Captain Jessica A. Adler, JA (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Isaac J. Dickson, JA; Captain Meghan E. Moore, JA (on brief).

21 April 2026

---------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
---------------------------------------------------------

STEELE, Judge:

This court previously affirmed the findings of guilty and the sentence in appellant's case. *United States v. Hudgens*, ARMY 20240257 (Army Ct. Crim, App. 9 March 2026). On 3 April 2026, appellant filed a motion for reconsideration and suggestion for *en banc* reconsideration on the issue of whether appellant's record of trial was substantially incomplete. The court did not adopt appellant's suggestion for *en banc* reconsideration. We, however, grant appellant's request for reconsideration and once again, affirm the findings and sentence.

An officer panel, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of domestic violence, in violation of

Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b [UCMJ].[1] The officer panel sentenced appellant to fifteen days of confinement, forfeiture of $3,128 pay per month for two months, and a reprimand.

Previously before this court, appellant raised two assignments of error in addition to matters submitted personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982).[2] Initially, appellant argued (1) the military judge abused his discretion by admitting Prosecution Exhibit (PE) 4, an audio recording of an argument, as rebuttal evidence; and (2) the record of trial is substantially incomplete since the panel and the military judge reviewed transcripts of PE's 6 and 12, but those transcripts were not marked as Appellate Exhibits (AEs) nor included in the record of trial. Appellant has only requested this court reconsider the second assigned error.

For the reasons set forth below, we conclude that a complete record was transmitted to this court for review and again affirm the findings and sentence.

## BACKGROUND

During the course of their marriage, appellant and his wife, the victim, engaged in numerous arguments that included incidents of domestic violence. The victim recorded several of these arguments on her cell phone and provided the recordings to the government, which were copied onto numerous compact discs and admitted into evidence at trial. At the military judge's request, the government prepared transcripts of each recording, which were used by the military judge, counsel and the panel as guides to aid them as they listened to the audio recordings published in open court. The defense did not object to the transcripts and did not raise any concerns that they were inaccurate, misleading, or prejudicial in any way. Each of the transcripts, except for those accompanying the audio recordings admitted as PEs 6 and 12, were marked as AEs and included in the record of trial.

Appellant was convicted of two specifications of domestic violence, one for communicating a threat (Specification 1 of Charge III) and the other for committing an assault consummated by a battery (Specification 2 of Charge III), both of which arose from a domestic dispute at Fort Bliss, Texas on 14 May 2020 regarding a rescued dog [hereinafter, "dog incident"]. The victim recorded the argument of the "dog incident" with appellant on the date of the incident, reflected in PEs 3 and 4

---

[1] Appellant was found not guilty of one specification of wrongfully interfering with adverse administrative proceeding and four specifications of domestic violence in violation of Article's 131g and 128b, UCMJ.

[2] We have given full and fair consideration to the matter personally raised by appellant and determine that it warrants neither discussion nor relief.

and admitted at trial. The transcripts that accompanied PEs 3 and 4 were marked as AEs and included with the record of trial. A few months later, during another argument with appellant, the victim purportedly recorded appellant admitting to the threatening comments he made previously during the "dog incident." This audio recording was admitted as PE 6. Prosecution Exhibits 3, 4, and 6 corroborated both the victim's and appellant's testimony at trial. Prosecution Exhibit 12 contained a partial clip of a recorded conversation between the victim and appellant offered as evidence of Specification 4 of Charge II, of which appellant was found not guilty. Although defense counsel objected to the admission of PEs 4 and 6 at trial, they did not object to the usage of the transcripts as an aid when each of the recordings were published, nor did they indicate they contained a material omission or misrepresentation. The military judge also stated he would provide a limiting instruction that the transcript was not evidence: "those guides, those transcripts will not go back and are not evidence. It's simply an aid to help the members in hearing it for the first time." However, the military judge did not mark or include the transcripts for PEs 6 and 12 in the record of trial.

Appellant alleges this case presents a matter of first impression, specifically, whether Article 54(c)(2), UCMJ, requiring the preparation of a complete record of trial, applies to this court's review under Article 66(b)(1), UCMJ. Appellant argues this court must resolve: (1) whether reviews pursuant to Article 66(b)(1), UCMJ require this court to have a complete record pursuant to Article 54(c)(2), UCMJ; (2) whether this case had omissions from the record of trial making it incomplete; (3) whether those omissions were substantial; and (4) if the omissions were substantial, did the government meet its burden to show appellant was not prejudiced? For the reasons discussed below, we ultimately conclude that the record is substantially complete.

**LAW AND DISCUSSION**

Article 54, UCMJ requires, in accordance with regulations prescribed by the President, the preparation of a complete record of proceedings and testimony in any case of a sentence of death, dismissal, discharge, confinement for more than six months, or forfeiture of pay for more than six months. UCMJ art. 54(c)(2). For all other cases, the record shall contain such matters as the President may prescribe by regulation. UCMJ art. 54(c)(1). The President promulgated Rule for Courts-Martial (R.C.M.). 1112, which states that a record of trial is complete if it complies with the requirements of subparagraph (b) of that rule. R.C.M. 1112(d)(2). Subparagraph (b) provides that the contents of the record of trial "includes any evidence or exhibits considered by the court-martial in determining the findings or sentence" and "shall include. . . [e]xhibits, or, if permitted by the military judge, copies, photographs, or descriptions of any exhibits that were received in evidence and any appellate exhibits." R.C.M. 1112(b)(5). Attachments for appellate review include "[e]xhibits

3

or, with the permission of the military judge, copies, photographs, or descriptions of any exhibits which were marked for and referred to on the record but not received in evidence." R.C.M. 1112(f)(2).

Separate from the Rules for Courts-Martial, Army Regulation defines "exhibits within a record of trial" as including prosecution and defense exhibits admitted into evidence, exhibits offered and not admitted into evidence, exhibits pre-marked for identification but not offered or admitted into evidence, appellate exhibits, and any sealed exhibits." *See* Army reg. 27-10, Legal Services: Military Justice, Appendix E-2 (8 Jan. 2025) [AR 27-10]. Rules of Practice before Army Courts-Martial require counsel (1) to provide original exhibits to the court reporter who will mark them "for identification" prior to trial and (2) to show them to the opposing party before trial, with those considered on the merits or sentencing marked as either prosecution or defense exhibits and all others as appellate exhibits. *See U.S. Army Trial Judiciary, Rules of Practice before Army Courts-Martial,* Rule 17.4 (1 Dec. 2025) [Rules of Court]. The Rules of Court also provide that "Demonstrative Evidence" such as "copies of photographs or other aids (including electronically presented exhibits) may be furnished to each trial participant in the sole discretion of the judge, when appropriate." Rules of Court, Rule 17.3.

The test for determining whether the record is incomplete is whether the omitted matter constitutes a "substantial" omission from the record. *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A. 1981). Whether or not an omission is substantial "is analyzed on a case-by-case basis". *United States v. Embry*, 60 M.J. 976, 979 (Army Ct. Crim. App. 2005) (citing *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999)) (internal quotation marks omitted). Omissions from the record of trial which affect the rights of the accused at trial or make proper appellate review impossible are substantial omissions. *See Abrams*, 50 M.J. at 363. To evaluate whether an omission from the record is substantial, the court must "ascertain whether the omitted material was 'substantial,' either qualitatively or quantitatively[,]" when considered in light of the rest of the record. *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982). A substantial omission from the record "raises a presumption of prejudice which the government must rebut." *United States v. Cudini*, 36 M.J. 572, 573 (A.C.M.R. 1992) (citing *United States v. Gray*, 7 M.J. 296 (C.M.A. 1979)). "Conversely, an insubstantial omission does not raise the presumption and does not change a record's characterization as complete." *Id.* (citing *McCullah*, 11 M.J. at 237). Thus, before affirming any record of trial from which an exhibit is missing, this court must determine, first, whether the absence of the omitted exhibit is substantial, rendering the record of trial incomplete, and second, if so, whether the government has successfully rebutted the presumption of prejudice to the accused—which automatically arises once a substantial omission is established.

4

This court has jurisdiction under Article 66, UCMJ to review courts-martial appeals in not only cases involving sentences of death, dismissal, discharge, confinement for more than six months, or forfeiture of pay for more than six months—which trigger the Article 54(c)(2) requirement for a complete record of trial—but this court also has jurisdiction to review the appeal of any general or special court-martial judgment including a finding of guilty. UCMJ, art. 66(b)(1) and (3). Thus, appellant argues his case presents an issue of first impression—whether this court's review of a discretionary appeal under Article 66(b)(1) requires the review of a complete record of trial under Article 54(c)(2)—and asserts he must be provided the same review this court provides to cases on automatic review under Article 66(b)(3). However, based upon our review of the record, we do not find that the record is incomplete, nor that the "missing" transcripts for PEs 6 and 12 constitute a substantial omission from the record. Because we find that the record is complete, we find appellant's question moot.

Although the transcripts of PEs 6 and 12 were referred to on the record and copies were provided to the panel, the transcripts were neither marked nor received into evidence.[3] In this case, defense counsel did not object to the transcripts at trial and did not raise concerns that they were inaccurate, misleading or prejudicial. Moreover, the transcripts were not admitted into evidence but, instead, were merely used to aid the panel in listening to the audio recordings admitted as PEs 6 and 12 when they were published in open court. Consequently, the transcripts did not go back with the panel during their deliberations. While it would have been a preferred practice for the military judge to mark and include the transcripts as appellate exhibits, under these facts, their omission does not make the record incomplete. Even assuming error, where the transcripts merely reflected the audio of the recordings already admitted into evidence, their omission from the record of trial is not substantial. Furthermore, this court is able to conduct its Article 66, UCMJ review of appellant's record, which includes PEs 6 and 12 admitted at trial. Appellant has failed to demonstrate prejudice from the omission of the two transcripts.[4]

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Chief Judge FLOR and Senior Judge POND concur.

---

[3] We note, however, that Rules of Court, Rule 17.3, allows demonstrative aids.

[4] We also note that appellant was found not guilty of the offense for which PE 12 was admitted.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court